UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARDAWAY VOLCY,

      Petitioner,

v.                                    Case No.8:10-CV-2662-T-24EAJ
                                               8:08-CR-270-T-24EAJ

UNITED STATES OF AMERICA,

      Respondent.

_____/

O R D E R

    This cause comes on for consideration of Petitioner's
Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct
Sentence by a Person in Federal Custody (Cv-D-1, Cr-D-413.)
Because review of "the motion and the files and records of the
case conclusively show that the [Petitioner] is entitled to no
relief," the Court will not cause notice of the motion to be
served upon the United States Attorney but shall proceed to
address the matter.  See 28 U.S.C. § 2255.

    By way of background, on February 3, 2009, after a jury
trial, Petitioner was convicted of conspiracy to distribute
and possess with the intent to distribute marijuana and
possession with the intent to distribute marijuana in
violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) and
(B).  A Presentence Investigation Report was prepared for

purposes of sentencing.  Petitioner had a base offense level of 28.  (PSI ¶ 39.)  He received a two-level enhancement for obstruction of justice for a total offense level of 30.  (Id. at ¶ 43-46.)  Petitioner's criminal history category was I.  (Id. at ¶ 51.)  Based on his total offense level and criminal history category, Petitioner's guideline imprisonment range was 97 to 120 months.  (Id. at ¶ 94.)

On April 22, 2009, the Court sentenced Petitioner to a term of imprisonment of 97 months.  The Judgment was docketed on April 23, 2009.  On May 5, 2009, the Court entered an Amended Judgment to correct a clerical error on the second page of the judgment.[1]  (Cr-D-333, 343.)  Petitioner appealed.  On November 5, 2008, the Eleventh Circuit Court of Appeals affirmed in part and vacated and remanded in part for the Court to correct two clerical errors in the May 5, 2009 amended judgment against Petitioner.  Specifically, Petitioner's Amended Judgment incorrectly stated as to Count One of the Indictment that Petitioner was responsible for more than 1,000 kilograms of marijuana rather than 100 kilograms.  Furthermore, as to Count Three, the Amended Judgment reflected that Petitioner was found guilty of violating both 21 U.S.C. §§ 846 and 841(b)(1)(B), but Count Three was a substantive

---

[1] Page two of the original Judgment referred to "Count Two" rather than "Count Three" of the Indictment.  (Cr-D-333, p.2.)

2

charge.  The Court issued a Second Amended Judgment on September 16, 2010 correcting these scrivener's errors.

On November 26, 2010, Petitioner timely filed the instant § 2255 motion.  Petitioner claims that the Eleventh Circuit erred in remanding the case for correction of the errors in the amended judgment.  He argues that there has been a constructive amendment of the Indictment and the jury verdict, and, as such, Counts One and Three must be dismissed. Petitioner further argues that the jury constructively amended the Indictment and confused the elements of a conspiracy with that of the substantive offense.  Petitioner also argues that the jury verdict regarding drug quantities was not reliable as drug quantities were referred to at trial in both pounds and kilograms.  Finally, Petitioner argues that his counsel was ineffective in failing to object to the amended judgment and in failing to clarify the difference between references to pounds and kilograms.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Claims of ineffective assistance of counsel require a showing of the two-prong test as set forth by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  In order to succeed under the <u>Strickland</u> test, a movant has the burden of proving: (1) deficient performance by counsel; and

(2) prejudice resulting therefrom.  Id. at 687.

The first prong of the Strickland test requires the Court to determine whether trial counsel performed below an "objective standard of reasonableness," while viewing counsel's challenged conduct on the facts of the particular case at the time of counsel's conduct. 466 U.S. at 688, 690. Notably, there is a strong presumption that counsel rendered adequate assistance and made all significant decisions with reasonable and competent judgment.  Id.

A counsel's performance is deficient if, given all the circumstances, his performance falls outside of accepted professional conduct. Strickland, 466 U.S. at 690. "Judicial scrutiny of counsel's performance must be highly deferential," and "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken "might be considered sound trial strategy." Chandler v. United States, 218 F.3d 1305, 1313-14 (11th Cir.2000) (en banc) (quoting Strickland, 466 U.S. at 689 and Darden v. Wainwright, 477 U.S. 168 (1986)). Rather, for counsel's conduct to be unreasonable, a petitioner must show that "no competent counsel would have taken the action that his counsel did take." Chandler, 218 F.3d at 1315.

The Supreme Court has consistently held that "as a matter

4

of law, counsel's conduct ... cannot establish the prejudice required for relief under the second [prong] [o]f the Strickland inquiry." Nix v. Whiteside, 475 U.S. 157, 175 (1986). This admonition emphasizes the stringent requirement that if a petitioner does not satisfy both prongs of the Strickland test, "he will not succeed on an ineffective assistance claim." Zamora v. Dugger, 834 F.2d 956, 958 (11th Cir. 1987). See also Weeks v. Jones, 26 F.3d 1030, 1037 (11th Cir. 1994). Therefore, a court may resolve a claim of ineffective assistance of counsel based solely on lack of prejudice without considering the reasonableness of the attorney's performance. Waters v. Thomas, 46 F.3d 1506, 1510 (11th Cir. 1995) (citing Strickland, 466 U.S. at 697).

## DISCUSSION

**1.  Correction of the Amended Judgment**

Petitioner claims that the Indictment and jury verdict were constructively amended by the Court in issuing the May 5, 2009 Amended Judgment and that the correction of the Amended Judgment mandated by the Eleventh Circuit was impermissible. Petitioner further claims that his counsel was ineffective in failing to argue the constructive amendments.

Petitioner's contentions are meritless.  The Indictment

5

charged Petitioner with conspiracy to distribute and possess with the intent to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) (Count One) and possession with the intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 (Count Three). (Cr-D-1.) The Court's instructions to the jury specified that Count One charged a conspiracy and that Count Three charged a substantive offense, specifically, that Petitioner possessed with the intent to distribute marijuana. (Cr-D-286, p. 13.) Additionally, jury instruction O-85 explained that Count Three of the Indictment charged possessing with intent to distribute marijuana as well as the elements of the charge that needed to be proved beyond a reasonable doubt. (Id. at p. 17-18.)

The jury verdict form reflects that the jury found Petitioner guilty as to "Count One of the Indictment which charges conspiracy to distribute and possess with the intent to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)...." (Cr-D-291, p.1) The jury also specifically found that the offense charged in Count One involved "[a] mixture or substance containing marijuana weighing 100 kilograms or more." (Id.) The verdict form also reflects

that Count Three charged "possession with the intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)." (<u>Id.</u> at p. 2.)  The jury found Petitioner guilty of that offense and found the offense charged involved marijuana weighing 100 kilograms or more.  (<u>Id.</u>)

There was no constructive amendment of the Indictment or the jury's verdict.  The Court's instructions to the jury correctly identified the charges in the Indictment and the elements of those charges.  Additionally, the jury was provided with a copy of the Indictment for its use during deliberations.  The jury found Petitioner guilty of Counts One and Three as charged in the Indictment.

Rule 36 gives the Court authority to correct clerical errors in a criminal judgment.  Fed.R.Crim.P. 36.  A correction to the offense of conviction in a criminal judgment is clerical in nature.  <u>United States v. Diaz</u>, 190 F.3d 1247, 1253 (11th Cir. 1999) ("the judgment reflects the incorrect offense, ... which we regard simply as a clerical error"); accord <u>Bowie-Myers v. United States</u>, No. 8:03-CR-437-T-17MAP, 2006 WL 2092286, at *3 (M.D. Fla. July 26, 2006) ("The deletion of the words "conspiracy to" in the amended judgment was a simple clerical change correcting a scrivener's error.")

The corrections made by the Court in the Second Amended Judgment, as directed by the Eleventh Circuit, did not affect Petitioner's substantial rights and did not fundamentally alter his sentence. The corrections were made simply to conform with the charges in the Indictment, the jury's verdict, and the Court's oral pronouncement of sentence. As such, Petitioner is not entitled to relief as to these claims.

Similarly, Petitioner's claim of ineffective assistance of counsel relating to the amended judgment also fails. Petitioner has failed to show any prejudice resulting from Petitioner's attorney's failure to object to the errors in the amended judgment. Again, the errors were of a clerical nature and the corrections made in the Second Amended Judgment do not affect Petitioner's substantial rights or his sentence.

## II. Jury Confusion - Conspiracy and Substantive Offense.

Petitioner also claims that the jury constructively amended the Indictment and confused the elements of a conspiracy with that of the substantive offense. Petitioner presents no evidence supporting this claim.

As indicated above, the jury was provided with a copy of the Indictment which charged a conspiracy as to Count One and a substantive charge as to Count Three. Furthermore, the

Court correctly charged the jury regarding the elements of each offense.    "A jury is presumed to follow its instructions." <u>United States v. De La Cruz Suarez</u>, 601 F.3d 1202, 1218 (11th Cir.), <u>cert.</u> <u>denied</u>, 131 S.Ct. 393 (2010). Petitioner has submitted no evidence demonstrating that the jury failed to follow the Court's instructions to the jury. Furthermore, the evidence was more than sufficient for the jury to find Petitioner guilty beyond a reasonable doubt of both the conspiracy and substantive possession counts.   As such, Petitioner is not entitled to relief as to this claim.

**III. Jury Verdict - Kilograms versus Pounds**

Petitioner next claims that the jury verdict was not reliable as to the drug quantities because marijuana was referenced in the Indictment and at trial in both pounds and kilograms. (Cv-D-1, p.4.) Petitioner argues that "it is not clear if the jury made a finding of drug quantity based upon pounds or kilograms."   (<u>Id.</u> at p.3.)   He further claims ineffective assistance resulting from his attorney's failure to clarify to the jury the difference between references to pounds and kilograms.   Petitioner claims that "the jury did not have specific instructions to explain the differences and it cannot be certain whether the jury made findings of drug

9

quantity based upon pounds or kilograms." (Cv-D-1, p.4.)

Contrary to Petitioner's contention, the Indictment only refers to marijuana in kilograms, which is the statutory measure of drug quantity. (Cr-D-1.) The Court's instructions to the jury and verdict form similarly only refer to marijuana in kilograms. (Cr-D-286, 291.) At trial, the Government presented evidence that the semi-tractor trailer Petitioner and his co-defendant were driving was carrying 1,561 pounds of marijuana. The Government presented evidence regarding the equivalency of kilograms to pounds. Specifically, Agent Duralia correctly testified that one kilogram equals approximately 2.2 pounds and that 1,000 kilograms equals approximately 2,200 pounds. (Cr-D-379, p. 7-16.) During closing argument, the prosecutor explained that 220 pounds is the equivalent of 100 kilograms. He continued that as the tractor trailer was carrying 1,561 pounds of marijuana, the jury could find that the offenses involved 100 kilograms or more. (Cr-D-385, p. 159-60.) The jury convicted Petitioner of more than 100 kilograms and substantial evidence beyond a reasonable doubt supports its verdict.

Furthermore, Petitioner has not demonstrated prejudice as a result of his attorney's failure to clarify regarding the

pounds and kilograms. As indicated, the Government presented accurate evidence relating to the conversion from pounds to kilograms and substantial evidence supports the jury's verdict as to the quantity of marijuana involved. Thus, Petitioner is not entitled to the relief he seeks.

## EVIDENTIARY HEARING

As to Petitioner's request for an evidentiary hearing, Petitioner has failed to demonstrate the need for such a hearing. The Court need not conduct an evidentiary hearing where it is evident from the record that the petitioner was not denied effective assistance of counsel. Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991). Based on the foregoing analysis, the Court does not find that an evidentiary hearing is warranted.

IT IS ORDERED that:

(1) Petitioner's Motion under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv-D-1, Cr-D-413) is DENIED.

2) The Clerk is directed to enter judgment in favor of the Government and CLOSE the civil case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  Id.  "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2).  To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal

in forma pauperis.

   DONE AND ORDERED at Tampa, Florida this   30th   day of December, 2010.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE

13