UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARDAWAY VOLCY,

     Petitioner,

v.                                    Case No.8:13-CV-335-T-24EAJ
                                           8:08-CR-270-T-24EAJ

UNITED STATES OF AMERICA,

     Respondent.

_____/

O R D E R

This cause comes on for consideration of Petitioner's motion styled "Motion for Relief from Judgment or Under Federal Rule of Civil Procedure Per Rule 60" (Cv-D-1; Cr-D-443), and Motion for Leave to Proceed In Forma Pauperis (Cv-D-2).

Petitioner was convicted of conspiracy to distribute and possess with the intent to distribute marijuana and possession with the intent to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) and (B). On April 22, 2009, the Court sentenced Petitioner to a term of imprisonment of 97 months. Petitioner appealed. On June 21, 2010, the Eleventh Circuit Court of Appeals affirmed in part and vacated and remanded in part for the Court to correct two clerical errors in the amended judgment against Petitioner.

The Court issued a Second Amended Judgment on September 16, 2010 correcting these scrivener's errors.

On November 26, 2010, Petitioner filed his first § 2255 motion.  By order dated January 3, 2011, the Court denied Petitioner's motion.  Petitioner did not appeal.  In July 2011, Petitioner filed a second § 2255 motion which the Court dismissed for lack of jurisdiction.  Petitioner filed an application for leave to file a second or successive motion in the Eleventh Circuit.  He sought two raise two claims: 1) the search of the vehicle violated the Fourth Amendment; and 2) ineffective assistance of counsel in failing to raise the issue.  In September 2011, the Eleventh Circuit denied Petitioner's application.

Petitioner then filed a motion pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania.  Petitioner raised various claims relating to his prosecution including jurisdictional issues and ineffective assistance of counsel. The district court dismissed the motion for lack of jurisdiction.  In June 2012, the Third Circuit affirmed the dismissal of the motion.

Undeterred, in October 2012, Petitioner filed the instant motion in the Middle District of Pennsylvania.  In his motion,

2

Petitioner claims the newly discovered evidence shows that the Government perpetrated a fraud on the court by withholding and overstating the evidence against him. He further asserts: (1) ineffective assistance of counsel; (2) the Court lacked jurisdiction to sentence him; (3) the sentence is unconstitutional; and (4) the judgment is void. Newly discovered evidence. The District Judge in Pennsylvania construed Petitioner's motion as one for relief under 28 U.S.C. § 2255 and transferred it to this Court.

Petitioner attempts to circumvent the limitations applicable to second or successive § 2255 motions by claiming that his request is not a § 2255 motion, but rather a motion filed pursuant to Rule 60(b). Specifically, Petitioner claims that his motion is filed pursuant to Rule 60(b)(4) and Rule 60(d)(3). (D-8.) Petitioner cannot use Rule 60(b) to attack his criminal judgment, however. United States v. Fair, 326 F.3d 1317 (11th Cir. 2003) (citation omitted) ("Rule 60(b) simply does not provide relief from judgment in a criminal case"); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998); Smith v. United States, 433 Fed. Appx. 891, 892 (11th Cir.) (per curiam), cert. denied, 132 S.Ct. 600 (2011).

Rule 60(b) can be used to attack an order denying a

prisoner's § 2255 motion only in limited circumstances. If the motion raises a new ground for relief or attacks the previous resolution of any original § 2255 claim on the merits, then the court should construe the motion as a successive § 2255. <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 530-32 (2005). On the other hand, a motion should not be treated as a successive habeas petition where the motion alleges a "defect in the integrity of the federal habeas proceedings." <u>Id.</u> at 532 (footnote omitted).

While Petitioner attempts to claim fraud on the court, he does not assert a defect in the integrity of his previous § 2255 proceedings. Rather, he claims the alleged fraud occurred at the trial level. The fraud exception to the prohibition on successive § 2255 motions does not apply where the fraud was perpetrated on the trial court. <u>El-Amin, v. United States</u>, 172 Fed. Appx 942, 945-46 (11th Cir. 2006) (per curiam). As such, his motion is subject to the restrictions for filing successive § 2255 motions. <u>Id.</u>

Petitioner has not demonstrated that he has obtained authorization from the Eleventh Circuit to filed a successive motion. In fact, as previously stated, the Eleventh Circuit denied Petitioner's request to file a successive § 2255 motion

raising some of the very same arguments he now makes.   The motion, therefore, must be dismissed for lack of jurisdiction.

IT IS ORDERED that:

(1)   Petitioner's motion styled "Motion for Relief from Judgment or Under Federal Rule of Civil Procedure Per Rule 60" (Cv-D-1; Cr-D-443), which the Court construes as a successive § 2255 motion is DISMISSED without prejudice.

2)   Petitioner's Motion for Leave to Proceed In Forma Pauperis (Cv-D-2) is DENIED as unnecessary.

3)   The Clerk is directed to CLOSE the civil case.

### CERTIFICATE OF APPEALABILITY AND

### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability.   A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition.   28 U.S.C. § 2253(c)(1).   Rather, a district court must first issue a certificate of appealability (COA).   Id.   "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."   Id. at § 2253(c)(2).   To make such a showing, a petitioner "must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u> 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal <u>in forma pauperis</u>.

DONE AND ORDERED at Tampa, Florida this _11th_ day of March, 2013.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE